[No. 7344.]

WALCH V. ORRELL.

CONTEMPT—*Concealment of Will*—A judgment of conviction under Rev. Stat. sec. 7080, imposing a fine and committing the accused to jail, cannot be supported where no evidence was produced that the alleged testator ever made a will, or if so, that it ever came to the hands of the accused.

*Error to Clear Creek County Court.*—Hon. WALTER S. HOBBS, Judge.

Messrs. VAILE, McALLISTER & VAILE and Mr. W. S. McGINTIE, for plaintiff in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendant in error filed a complaint in which he alleged that he had reason to believe, and that there was good reason to believe, that the plaintiff in error had in her possession and under her control the last will of William T. Jacoby, deceased; and that she had secreted and wilfully withheld the same. In

the complaint it was prayed that an attachment be issued for plaintiff in error, and that upon her arrest she should be examined touching the matters alleged in the complaint; that the court should hear other evidence touching such matters, and if it should appear that she had in her possession and wilfully withheld the will mentioned, that she be punished as for contempt of court by a fine not exceeding five hundred dollars, and by imprisonment until she should produce such will, or account therefor to the satisfaction of the court. This proceeding was evidently instituted by virtue of the provisions of sec. 7080, R. S., 1908, which provides that if any credible person shall file with the county court his complaint, on oath, stating that any person has in his possession, or that there is good reason to believe that such person has in his possession, the last will of any deceased person whereof such court has jurisdiction to receive the probate, and secretes or wilfully withholds the same, that an attachment shall issue against the person so alleged to withhold or secrete such will, and, upon the arrest of the person so accused, the court may examine him touching the question of possession of the will, and may hear other evidence on the matter, and if it should appear that the person so charged has in his possession and wilfully withholds such will, he shall be punished as for contempt of court by a fine not exceeding five hundred dollars, or by imprisonment until he shall produce the will, or account therefore to the satisfaction of the court.

Upon the foregoing complaint, an attachment was issued for plaintiff in error, who was arrested and brought before the court. Evidence was heard touching the matters alleged in the complaint, from which the court found that the defendant withholds the last will and testament of William T. Jacoby, deceased, and ordered that she pay a fine of two hundred and fifty dollars, and be committed to the county jail, there to remain until she produced and placed in the hands of the judge or acting clerk of the court the last will and testament of the deceased, or until the further order of the court.

Before the court could render this judgment, it was certainly necessary that the testimony adduced at the trial be sufficient to sustain the finding of facts upon which it was predicated. It is unnecessary to refer to the evidence specifically, or attempt to give a synopsis of it in detail, it being sufficient to say that there is not a word of testimony from which it appears that Jacoby ever made a will, or that plaintiff in error ever had possession of such an instrument.

The judgment of the county court is reversed and the cause remanded with directions to dismiss the proceeding.

*Reversed and Remanded with Directions.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL, concur.